Steven A. Nielsen (CSB 133864)
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

Isaac Rabicoff
(*Pro Hac Vice Admission To Be Filed*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
773-669-4590
isaac@rabilaw.com

**Attorneys for Plaintiff**
**OHVA, Inc.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **OHVA, Inc.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Eventbrite, Inc.,**<br><br>**Defendant.** | **Case No. ________________**<br><br>**Patent Case**<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

**Plaintiff OHVA, Inc. ("OHVA"), through its attorneys, complains of Eventbrite, Inc. ("Eventbrite"), and alleges the following:**

## PARTIES

1. Plaintiff OHVA, Inc. is a corporation organized and existing under the laws of California that maintains its principal place of business at 945 Whitehall Avenue, San Jose, CA 95128.

2. Defendant Eventbrite, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 155 5th St, 7th Floor, San Francisco, CA 94103.

## ARTICLE I. JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, OHVA has suffered harm in this district.

## PATENT-IN-SUIT

7. OHVA is the assignee of all right, title and interest in United States Patent No. 9,679,286 (the "'286 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, OHVA possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '286 Patent

8. The '286 Patent is entitled "Methods and Apparatus for Enabling Secure Network-Based Transactions," and issued 3/3/2015. The application leading to the '286 Patent was filed on 6/13/2017, which ultimately claims priority from provisional application number 60/719,273, filed

on 9/20/2005. A true and correct copy of the '286 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '286 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '286 PATENT

10. OHVA incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '286 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Eventbrite's Card Reader (the "Exemplary Eventbrite Products") that infringe at least exemplary claims 1 of the '286 Patent (the "Exemplary '286 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '286 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287. Moreover, prior to the filing of this complaint, Blackbird Technologies, former patent owner, sent Defendant a letter dated 9/21/2018 that imparted to Defendant actual knowledge of the '286 Patent and that its Exemplary Eventbrite Products and the products incorporating them are imported into, sold, offered for sale, and used in the United States (the “Letter”). In addition to actual knowledge of the '286 Patent, prior to the filing of this complaint, the Letter also imparted to Eventbrite knowledge that the Exemplary Eventbrite Products, and the use by consumers of those products, in the customary and intended manner, was likely to infringe the '286 Patent.

13. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '286 Patent. On information and belief, Defendant has also continued to sell the Exemplary Eventbrite Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '286 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '286 Patent.

14. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '286 Patent, literally or by the doctrine of equivalence, by selling Exemplary Eventbrite Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

15. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '286 Patent, literally or by the doctrine of equivalence, by selling Exemplary Eventbrite Products to their customers for use in end-user products in a manner that infringes one or more claims of the '286 Patent.

16. Exhibit 2 includes charts comparing the Exemplary '286 Patent Claims to the Exemplary Eventbrite Products. As set forth in these charts, the Exemplary Eventbrite Products practice the technology claimed by the '286 Patent. Accordingly, the Exemplary Eventbrite Products incorporated in these charts satisfy all elements of the Exemplary '286 Patent Claims.

17. OHVA therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18. OHVA is entitled to recover damages adequate to compensate for Defendant's infringement.

**JURY DEMAND**

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, OHVA respectfully requests a trial by jury on all issues so triable.

## ARTICLE II. PRAYER FOR RELIEF

WHEREFORE, OHVA respectfully requests the following relief:

A. A judgment that the '286 Patent is valid and enforceable;

B. A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '286 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards OHVA all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate OHVA for Defendant's infringement, an accounting:

  i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that OHVA be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

  ii. that OHVA be awarded costs, and expenses that it incurs in prosecuting this action; and

  iii. that OHVA be awarded such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

/s/ Steven A. Nielsen
100 Larkspur Landing Circle, Suite 216
Larkspur, CA 94939
415-272-8210
Steve@NielsenPatents.com

/s/ Isaac P. Rabicoff
Isaac P. Rabicoff
(*Pro Hac Vice Motion to Be Filed*)
Rabicoff Law LLC
73 W. Monroe St.
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**